IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LOUIS J. BRYANT,

    Petitioner,                   No. CIV S-05-1132 FCD GGH P

    vs.

TOM CAREY, Warden,

    Respondent.             ORDER

_____/

        By order filed on August 30, 2005, petitioner was directed, within thirty days, to show good cause for having failed to exhaust state court remedies as to five unexhausted claims. Petitioner seeks a stay and abeyance of a petition containing three claims that were exhausted on direct appeal, so that he might exhaust five newly discovered claims. Petitioner was specifically directed, pursuant to Rhines v. Weber, ___ U.S. ___, 125 S. Ct. 1528, 1535 (2005), to provide more information to make a showing of good cause for his having failed to bring these unexhausted claims before the state's highest court before filing the pending petition in this court. He was informed that making a conclusory assertion that the unexhausted claims are newly discovered does not constitute the requisite good cause. He was told that he must provide detail as to why his appellate counsel failed to bring the claims at issue, as to when petitioner received the documents to review for the first time, and as to how long it took him to review the

record; petitioner must also provide the basis for each of his newly made claims and explain to the court why he did not present the claims in state court prior to filing his petition here.

Failure to make a sufficient showing, petitioner was cautioned would result in the recommendation that the unexhausted claims being dismissed and the matter proceeding only upon the exhausted claims contained in his original petition. For the court to recommend a stay, petitioner was cautioned that he would have to make the requisite showing of good cause *and* the claims would have to appear not to be wholly without merit [emphasis in original order].

In his response, petitioner has failed to specify straightforwardly when precisely he received the trial transcripts that he reviewed prior to discovering the new claims, and how long it took him to review the trial record. For example, he states that he did not discover the basis for several of the unexhausted claims until five months after the state supreme court denial of his direct appeal, but he does not provide the date of that denial. A review of exhibits attached to his original petition appears to indicate that he may not have received his trial transcripts until a mailing dated November 30, 2004. Nevertheless, that does not explain his failure to "discover" his new claims until the time that he filed his petition in this court on June 8, 2005. Nor has petitioner indicated whether or not he has currently proceeded to commence exhaustion of the five additional claims in state court. He also has not provided an adequate basis for each unexhausted claim for the court to determine whether any of his unexhausted claims has merit.

As to the ineffective assistance of counsel claim, petitioner appears to have been aware of the basis for such a claim long before the exhaustion of his direct appeal, i.e., by no later than March of 2003, according to his exhibits filed on September 29, 2005.[1] Petitioner does not address why he did not seek to exhaust his ineffective assistance of counsel claim earlier.

Petitioner's showing is inadequate, but the court will grant petitioner one last opportunity to make a showing of good cause for his failure to exhaust the five additional claims *and* to provide the basis of each claim so that the court can make a determination as to the merit,

---

[1] Petitioner avers that the judgment in his case was affirmed by the Third District Court of Appeal on April 19, 2004. See petition, filed on June 8, 2005.

or lack of merit, of each unexhausted claim. Petitioner will be granted thirty more days to do so; if he does not make the required showing as well as provide an adequate basis for each unexhausted claim, no stay will be recommended and the court will simply strike the unexhausted claims and proceed with the exhausted claims. There will be no further extension of time.

Petitioner has requested the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner has thirty more days, with no further extension of time, to make the required showing of good cause for his failure to exhaust each of his unexhausted claims and to provide a sufficient basis for each unexhausted claim so that the court can determine whether each or any claim may have merit; failure to do so will result in the unexhausted claims being stricken and this matter proceeding only upon the exhausted claims of the original petition; and

2. Petitioner's September 29, 2005 request for appointment of counsel is denied without prejudice to a renewal of the motion at a later stage of the proceedings.

DATED:   10/25/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
brya1132.ord2