IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LOUIS J. BRYANT,

    Petitioner,                    No. CIV S-05-1132 FCD GGH P

    vs.

TOM CAREY, Warden,

    Respondent.              FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition pursuant to 28 U.S.C. § 2254. Petitioner was sentenced to 17 years for committing a forcible lewd or lascivious act upon a child under 14 (Cal. Penal Code § 288(b)(1)). By order filed on August 30, 2005, petitioner was directed, within thirty days, to show good cause for having failed to exhaust state court remedies as to five unexhausted claims; petitioner made three claims which appeared to have been exhausted upon direct appeal.

        Petitioner seeks a stay and abeyance of a petition containing the three exhausted claims, so that he might exhaust five newly discovered claims. By order filed on October 26, 2005, petitioner's showing in response to the prior order was found inadequate, but the court granted petitioner one last opportunity to make a showing of good cause for his failure to exhaust his five additional claims *and* to provide the basis of each claim so that the court could make a

determination as to the merit, or lack of merit, of each unexhausted claim.

Petitioner's five unexhausted claims include 1) trial was rendered fundamentally unfair due to trial court's abuse of discretion in violation of the Fifth, Sixth and Fourteenth Amendments; 2) prosecutorial misconduct in violation of the Fifth and Fourteenth Amendments rendered trial fundamentally unfair; 3) ineffective assistance of counsel by both his trial and appellate attorneys constituted a violation of his Sixth Amendment rights; 4) petitioner was sentenced to an unconstitutional parole, which affects his liberty interests under the Fourteenth Amendment; 5) petitioner is factually innocent of the charges and in custody in violation of his Sixth Amendment right to a fair trial and rights under the Fourteenth Amendment.

In the October 26, 2005 order, the court stated that petitioner had been specifically directed, pursuant to Rhines v. Weber, ___ U.S. ___, 125 S. Ct. 1528, 1535 (2005), to provide more information to make a showing of good cause for his having failed to bring these unexhausted claims before the state's highest court before filing the pending petition in this court and that making a conclusory assertion that the unexhausted claims are newly discovered does not constitute the requisite good cause.  Petitioner was told to provide detail as to why his appellate counsel failed to bring the claims at issue, as to when petitioner received the documents to review for the first time, and as to how long it took him to review the record. Petitioner was told that he must also provide the basis for each of his newly made claims and explain to the court why he did not present the claims in state court prior to filing his petition here.

Failure to make a sufficient showing, petitioner was cautioned would result in the recommendation that the unexhausted claims be dismissed and the matter proceeding only upon the exhausted claims contained in his original petition.  For the court to recommend a stay, petitioner was cautioned that he would have to make the requisite showing of good cause *and* the claims would have to appear not to be wholly without merit [emphasis in original order].

\\\\\

1         Petitioner has subsequently made an effort to provide greater detail as to the basis
2 for his claims from the trial record and petitioner has included as Exhibit F a copy of a letter,
3 apparently from petitioner's appellate attorney, dated November 30, 2004, which petitioner
4 asserts that he would have received in early December, 2004, stating that his trial records
5 (including reporter's and trial transcripts) are enclosed and apologizing for the delay.  Petitioner's
6 Exhibit G demonstrates that his petition for review in his direct appeal was denied on July 14,
7 2004.  Petitioner does not state whether or not he has begun the process of attempting to exhaust
8 his state court remedies as to the unexhausted claims.

9         Petitioner's showing that he did not have access to his trial records until
10 December of 2004 still does not explain why he has not yet proceeded to exhaust state court
11 remedies as to his unexhausted claims, if he has not done so.  Petitioner does state that in
12 addition to the five-month delay from the state supreme court denial of his petition for review
13 until he was actually sent his trial transcripts, he lost another month due to a one-hundred-man
14 riot on May 8, 2005, wherein he was locked down,[1] which goes some way to explaining why he
15 did not file his petition in this court, seeking a stay, until June 8, 2005.  However, it is not
16 entirely clear to the court why petitioner would have needed his trial record to, for example, be
17 aware of his "factual innocence," or that he had received ineffective assistance of counsel.   He
18 would also have to have been aware that he was sentenced to parole as well as a prison term at
19 the time of trial.  Petitioner apparently reviewed his trial record extensively and repeatedly to
20 attempt to cull facts from the record to form a basis for his claims.

21         What constitutes good cause has not been precisely defined except to indicate at
22 the outer end that petition must not have engaged in purposeful dilatory tactics,  Rhines, supra,
23 125 S. Ct. at 1535, and that "extraordinary circumstances" need not be found.  Jackson v. Roe,
24 425 F.3d 654, 661-662 (9th Cir. 2005).  See Rhines, supra, at 1536 (Stevens, J., concurring) (the
25 "good cause" requirement should not be read "to impose the sort of strict and inflexible
26 requirement that would trap the unwary pro se prisoner." (Internal citation omitted); see also, id.,

---

[1] The other riots to which petitioner refers are not relevant for purposes of the filing of this petition because they occurred later.  Petitioner states that he took no part in any rioting.

(Souter, J., concurring) (pro se habeas petitioners do not come well trained to address tricky exhaustion determinations).  In the absence of factors warranting a denial of the stay, a court will abuse its discretion if the stay is not granted.  Jackson, supra, at 425 F.3d at 661.

In the absence of patent facts which warrant a dismissal of the unexhausted claim, the undersigned will not resolve the merits of the petition, or a potential defense, in determining the threshold issue of good cause for an exhaustion stay.  Rather, for a satisfactory showing of good cause, the court will simply require a prima facie cause that a justifiable, legitimate reason exists which warrants the delay of federal proceedings while exhaustion occurs.  In this case, the court will find that petitioner has made out such a prima facie case, with regard to his delayed access to the trial record and a subsequent one-month lock-down as to his claims 1, 2, 3, and 5, petitioner having cited extensively to the trial record in support of those claims.  However, as to claim 4, for which petitioner fails to establish adequately a claim on the merits and for which he cannot claim to have needed access to his trial record, since he does not claim that he was not present at his own sentencing, the court will recommend dismissal.

As to his remaining unexhausted claims, the court does not reach the question of whether petitioner may ultimately be barred from proceeding pursuant to 28 U.S.C. § 2244(d).  Finally, in light of the Supreme Court's admonition that "district courts should place reasonable time limits on a petitioner's trip to state court and back,"[2] the undersigned will also recommend that petitioner pursue exhaustion of the new claims within 30 days of the order granting the stay, should that occur, and, within the 30 days following state court exhaustion, be directed to file a notice of completed exhaustion.

Accordingly, IT IS RECOMMENDED that:

1. Petitioner's unexhausted claim 4 be dismissed from this action because petitioner has failed to show good cause for failure to exhaust this claim and it appears to be wholly without merit;

\\\\\

---

[2] Rhines, 125 S. Ct. at 1535.

2. Petitioner's motion for a stay and abeyance of the petition be granted; that petitioner be directed to seek exhaustion of the unexhausted claims 1, 2, 3, and 5 in state court within 30 days of adoption of these findings and recommendations, should that occur; and that petitioner be directed to file a notice of completed exhaustion within 30 days after ruling by the state supreme court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:   1/31/06

/s/ Gregory G. Hollows

---
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
brya1132.fr