IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LOUIS J. BRYANT,

           Petitioner,                No. CIV S-05-1132 FCD GGH P

    vs.

TOM CAREY, Warden,

           Respondent.         <u>ORDER</u>

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The second amended petition was filed on August 14, 2007, and respondent was directed by order, filed July 31, 2007, to file a response to the second amended petition or a motion to dismiss within thirty days.   Because respondent failed to file a response to the second amended petition or a motion to dismiss, an Order to Show Cause was filed on November 7, 2007, directing respondent, within five days, to file and serve an answer to the second amended petition for writ of habeas corpus or a motion to dismiss and to show cause in writing why sanctions should not be imposed for the failure to file the answer or motion to dismiss timely.

        On November 14, 2007, respondent's counsel filed a notice of appearance and an application for an extension of time until November 27, 2007, to file a response to the petition.

Notwithstanding the request for an extension of time, respondent filed an answer on November 19, 2007.

On November 15, 2007, Brian G. Smiley, Supervising Deputy Attorney General, filed a response to the show cause order, indicating that, following the court's order, filed on July 31, 2007, a number of documents, including the second amended petition, were not served upon the Attorney General's office because "inadvertently" no notice of appearance was filed at the time of the July 31st Order. The court's review of the docket entries at issue verifies respondent's representation.

This is the second case in recent months that the undersigned has recently reviewed wherein respondent's counsel has failed to be designated as counsel or to file a notice of appearance timely due to an error by the Attorney General's Office. (See Xabandith v. Castro, No. CIV S 06-1380 GEB GGH P). While it does not appear that respondent's counsel has acted intentionally or in bad faith, eventually the court will tire of this emerging pattern.

However, on this occasion, the court will deem the show cause order discharged and will not impose sanctions.

Accordingly, IT IS ORDERED that:

1. Respondent's November 14, 2007, request for an extension of time is partially granted, nunc pro tunc, to the extent that the answer, filed on November 19, 2007, is deemed timely filed; and

2. On this occasion, respondent's filings of November 14, 2007, November 15, 2007, and November 19, 2007, have adequately discharged the November 7, 2007, show cause order; and no sanctions will be imposed for the initial failure to file a timely responsive pleading.

DATED: 11/27/07                                    /s/ Gregory G. Hollows

_____
UNITED STATES MAGISTRATE JUDGE

GGH:009
brya1132.dsc